

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2005

# Collaku v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Collaku v. Atty Gen USA" (2005). *2005 Decisions.* Paper 451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3675

———————

SHAQIR COLLAKU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(BIA No. A95-377-296)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2005
Before:  RENDELL, FUENTES and WEIS, Circuit Judges.

Filed October 4, 2005

———————

OPINION

———————

WEIS, Circuit Judge.

Shaqir Collaku, a native and citizen of Albania, entered the United States in

2001.  He applied for asylum and for protection under the Convention Against Torture.

After a hearing, an Immigration Judge denied relief and the BIA summarily affirmed

1

without opinion.

Collaku testified that he had been active in political activities beginning in 1990 in Albania and joined the DP party in 1996. He held various positions in the party and was employed as a guard in the local jail. When the Socialist Party came to power in 1997, both he and his cousin, who also was active in the party, lost their jobs. Collaku described his efforts in hiding his cousin at great risk after the change in the political leadership of his country.

Collaku described how he was picked up by the police after a party demonstration, was beaten and released the next day. He said that he actively participated in the DP party's unsuccessful election attempts and acted as a observer of elections' irregularities in 2000. He said that a few days after the election of 2000, three men, one in a policeman's uniform, arrived at his home and beat him into unconsciousness. Fearing for his life, he fled from Albania.

On arriving in this country, Collaku began to live with his brother in Philadelphia. He said that his brother was aware of his political activities in general, but did not know the details of his problems.

The IJ questioned Collaku's credibility because (1) Collaku's brother was not aware of the political conflicts and alleged violent episodes, (2) he could not seem to remember whether the political upheaval that threatened him occurred in 1997 or 2000, (3) Collaku made no substantial efforts to contact representatives of the DP party in the

2

United States, and (4) Collaku did not make any reports to the police about his various attacks.

Collaku's brother testified at the hearing that he was aware of some of his brother's disagreements with the Albanian government, but did not know about any arrests, attacks or home searches. The IJ found it "astounding" that the brother, with whom Collaku said he was so close, would not have heard of the alleged maltreatment of his brother in Albania.

The IJ also noted that it was very unusual that the alien did not remember whether the Socialist Party took over in 1997 or 2000, an event that would have been critical for a person as politically active as Collaku alleged he was.

When the BIA affirms the IJ's decision without opinion, we review the IJ's decision. Partyka v. Attorney General, 417 F.3d 408, 411 (3d Cir. 2005). The substantial evidence test is applied to credibility determinations. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (citing Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998)). We must uphold an adverse credibility appraisals "unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (citing 8 U.S.C. § 242(b)(4)(B)).

Our review of the record in this case reveals that there is substantial evidence to support the IJ's finding that Collaku's testimony is not credible. The part of Collaku's testimony that is critical to presentation of his claim is not persuasive.

Because Collaku did not present adequate evidence to support his claims,

3

the Petition for Review will be denied.